**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| KAY MATHIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. __________ |
| | ) | |
| FAMILY DOLLAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

**NOTICE OF REMOVAL**

---

Defendant Family Dollar, Inc. ("Defendant"), by and through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Wyandotte County District Court, Kansas to the United States District Court for the District of Kansas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

## I. INTRODUCTION

1. Plaintiff Kay Mathis ("Plaintiff") initiated this lawsuit on September 9, 2020, against Defendant, in the District Court for the County of Wyandotte, State of Kansas, captioned *Kay Mathis v. Family Dollar, Inc.*, Civil Action No. 2020-CV-000528 and is now pending in that court (the "State Action"). *See* **Exhibit A**, Plaintiff's Petition for Damages.

2. Plaintiff alleges that on October 6, 2019, as she was shopping at the store located at 1200 North 7th Street Trafficway, Kansas City, Kansas "she tripped over an empty crate situated near the Gatorade displace near the front of the store and fell." **Exhibit A**, ¶¶ 4-6.

3. Plaintiff's Petition for Damages alleges claims of negligence. *Id.* at Count I.

## II. COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. Defendant was served on October 29, 2020. The Return of Service on Defendant is attached hereto as **Exhibit B**.

6. This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Petition for Damages and Summons on Defendant and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8. Pursuant to 28 U.S.C. § 1446(a) and D.C.Kan.LCivR. 81.1(c), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

**Exhibit A** Petition for Damages

**Exhibit B** Return of Service on Defendant

**Exhibit C** Plaintiffs' [sic] First Set of Interrogatories to Defendant

**Exhibit D** Plaintiff's First Request for Production to Defendant Family Dollar, Inc.

9. Defendant states that no hearings are pending, nor has any trial been set in the State Action.

10. Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves their rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

11. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Kan.LCivR. 81.1.

## III. DIVERSITY JURISDICTION

12. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES

13. There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a citizen of Kansas. **Exhibit A**, ¶ 1. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

14. Defendant is a citizen of North Carolina and Virginia. Defendant is a foreign corporation organized under the laws of the state of North Carolina with a principal place of business at 500 Volvo Parkway, Chesapeake, VA 23320. *See* 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

15. For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

**B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

16. The amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).[1] In her Petition for Damages, Plaintiff alleges that she has suffered "serious, permanent, and debilitating injuries to her person, including, but not limited to, an injury to her head, hand and left knee." **Exhibit A**, ¶ 14.[2] Further, Plaintiff's Petition alleges past and future damages, including "hospitalization, medical, and other healthcare related expenses." *Id.* Plaintiff asks the court to enter a judgment in her favor "in an amount that is fair and reasonable and exceeding Seventy-Five Thousand Dollars ($75,000.00)." *Id.* at Wherefore ¶.

17. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

18. Similarly, in determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

---

[1] Defendant does not concede or waive its right to contest Plaintiff's alleged damages.
[2] Defendant denies Plaintiff's allegations regarding her alleged damages and injuries.

19. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

20. Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of his Petition for Damages. *See* **Exhibit A**.

21. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

22. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Family Dollar, Inc. respectfully requests that the action now pending in the Wyandotte County District Court, Case No. 2020-CV-000528, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Hall & Evans, LLC

*s/ Kathryn A. Lewis*
Kathryn A. Lewis, KS Bar # 20690
1111 Main Street, Suite 700
Kansas City, MO 64105
Phone: (816) 640-6785
Fax: (303) 628-3368
lewisk@hallevans.com
ATTORNEYS FOR DEFENDANT
FAMILY DOLLAR, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF. In addition, I hereby certify that I have served via electronic mail the forgoing document to the following non-CM/ECF participants:

Michael W. Wharton
Couch, Pierce, King & Wharton Chartered
12 Corporate Woods, Suite 370
10975 Benson Driver
Overland Park, Kansas 66210
mwaharton@cpkwlaw.com
*Counsel for Plaintiff*

*s/ Jacqui Wall*
Jacqui Wall, Legal Assistant to
Kathryn A. Lewis