ELECTRONICALLY FILED
2020 Sep 09 PM 2:46
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000528

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

**KAY MATHIS,**

      **Plaintiff,**

v.                                                  Case no: _____
                                                        Division no: _____

**FAMILY DOLLAR, INC.**
[Serve:    **Corporate Service Company**
              **2900 SW Wannamaker Drive, Ste. 204**
              **Topeka, KS 66614]**

      **Defendant.**

## PETITION FOR DAMAGES

For her Petition against the above named Defendant, Plaintiff Kay Mathis states and alleges as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is an individual who is, and at all relevant times was, a resident of the State of Kansas.

2. Defendant Family Dollar, Inc. (hereinafter "Family Dollar") is a corporation organized and existing under the laws of the State of North Carolina which is authorized to do and is doing business in the State of Kansas and can be served with process by delivering a copy of the summons and the petition to its registered agent at the address listed in the above caption.

3. The injuries sustained by Plaintiff occurred in Wyandotte County, Kansas, and, therefore, venue is proper in this court.

## General Allegations

4. Defendant Family Dollar is, and was on October 6, 2019, the owner, occupier or possessor of premises located at 1200 North 7th Street Trafficway in Kansas City, Wyandotte County, Kansas (hereinafter "the premises").

5. Plaintiff was a customer and invitee of the defendant on October 6, 2019 and was shopping on the premises.

6. On that date, at approximately 10:15 a.m., Plaintiff was walking down a shopping aisle on the premises when she tripped over an empty crate situated near the Gatorade display near the front of the store and fell.

7. At all times material to the subject matter of this lawsuit, the premises above mentioned were maintained and exclusively controlled by Family Dollar.

8. At all times material to the subject matter of this lawsuit, Plaintiff exercised reasonable and due care for her safety, health and well-being. Plaintiff did not know, and by the use of ordinary care, could not have known, that there was an empty crate in the shopping aisle which created an unreasonably dangerous or unsafe tripping hazard.

## COUNT I
### (Negligence v. Family Dollar)

For her first Count of her Petition in this action, Plaintiff alleges and states:

9. Each of the preceding paragraphs of this Petition are incorporated into this Count as though fully set forth.

10. As the owner, occupier, or possessor of the premises, Family Dollar had a duty to exercise reasonable and ordinary care to ensure that the premises were reasonably safe. Family Dollar also owed a duty to Plaintiff to warn her of all the premises' dangerous conditions.

11. The empty crate in the aisle of the premises which caused the plaintiff to trip and fall presented a dangerous and unsafe condition involving an unreasonable risk of harm or injury to Plaintiff and other invitees and customers in that it created a trip hazard.

12. Family Dollar knew, or by the exercise of reasonable care, should have known of the dangerous and unsafe condition presented by the empty crate on the floor in the aisle, and Family Dollar knew or should have known that it was a dangerous and unsafe condition and involved an unreasonable risk of harm or injury to Plaintiff and other invitees or customers.

13. Family Dollar breached the duties it owed to the plaintiff and was thereby negligent in that it failed to use reasonable or ordinary care to ensure that the premises it owned, occupied, or possessed were reasonably safe for invitees or customers by eliminating the dangerous condition presented by the empty crate, and/or failed to warn Plaintiff about the dangerous and unsafe condition despite the fact that Family Dollar knew or could have known that the trip hazard existed and that the premises were, thereby, unsafe.

14. As a direct and proximate result of Family Dollar's negligent actions and/or omissions, Plaintiff sustained serious, permanent, and debilitating injuries to her person, including, but not limited to, an injury to her head, hand and left knee. In addition, Plaintiff

incurred, and will in the future incur, hospitalization, medical and other healthcare related expenses that she would not have incurred but for the injuries she sustained as the result of Family Dollar's negligence, physical pain, suffering, loss of enjoyment of life and mental anguish, and probable future medical expenses, physical pain, suffering, loss of enjoyment of life and mental anguish.

**WHEREFORE**, Plaintiff Kay Mathis respectfully prays that the Court enter judgment in her favor and against Defendant Family Dollar, Inc. in an amount that is fair and reasonable and exceeding Seventy-Five Thousand Dollars ($75,000.00), for her costs incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

COUCH, PIERCE, KING &
WHARTON, CHARTERED

_/s/ Michael W. Wharton_
MICHAEL W. WHARTON    KS#16228
12 Corporate Woods Suite 370
10975 Benson Drive
Overland Park, Kansas 66210
Telephone: 913-451-8430/Fax: 913-451-8531
Email: mwharton@cpkwlaw.com
**ATTORNEYS FOR PLAINTIFF**

## DEMAND FOR JURY TRIAL

**COMES NOW** the plaintiff, Kay Matis, and demands trial by jury on all issues so triable.

_/s/ Michael W. Wharton_
MICHAEL W. WHARTON